UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JOSEPH VALENCIA,                                                       :
                                                                       :
                                    Plaintiff,                         :
                                                                       :
            -v-                                                        :            25 Civ. 9855 (JPC)
                                                                       :
KNICKERBOCKER CLOTHING CO., LLC,                                       :            ORDER
                                                                       :
                                    Defendant.                         :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        Plaintiff Joseph Valencia initiated this case by filing a Complaint on November 26, 2025.

Dkt. 1.  On December 9, 2025, Plaintiff filed an affidavit from a process server who purports to

have served Defendant by delivering a copy of the Summons and Complaint to a "Chris Doe."  Dkt.

5.  The affidavit states that the process server "knew" "Chris Doe" was "the Authorized

Party/Managing Agent" for Defendant because "Chris Doe" "stated (s)he was authorized to accept

legal papers for the corporation."  Dkt. 5.

        New York law provides that service of process on a limited liability company such as

Defendant may be made by personal delivery to:

> (i) any member of the limited liability company in this state, if the management of
> the limited liability company is vested in its members, (ii) any manager of the
> limited liability company in this state, if the management of the limited liability
> company is vested in one or more managers, (iii) to any other agent authorized by
> appointment to receive process, or (iv) to any other person designated by the limited
> liability company to receive process.

N.Y. C.P.L.R. § 311-a(a).  However, "personal delivery of a summons to the wrong person does

not constitute valid personal service."  *McDonald v. Ames Supply Co.*, 238 N.E.2d 726, 728 (N.Y.

1968); *see also Macchia v. Russo*, 496 N.E.2d 680, 682 (N.Y. 1986) (declining to recognize "a

narrow exception . . . in situations where a process server acts reasonably in the face of

misrepresentations regarding the identity or authority of the person served").

Under this standard, Plaintiff has not yet provided sufficient proof that Defendant has been properly served.  According to the affidavit of Plaintiff's process server, the sole basis to believe that "Chris Doe" was authorized to accept service for Defendant was the statement by "Chris Doe" that "(s)he was authorized to accept legal papers for the corporation."  Dkt. 5.  But absent indication that "Chris Doe" was actually an employee of Defendant, this claim of authority is unavailing.  *See Fashion Page, Ltd. v. Zurich Ins. Co.*, 406 N.E.2d 747, 751 (N.Y. 1980) ("Delivering the summons to a building receptionist, not employed by the defendant, without any inquiry as to whether she is a company employee, would not be sufficient."); *see also id.* ("Nor is it always reasonable, under all the circumstances, for the process server to rely on claims of authority made by the defendant's employees.").

Under Federal Rule of Civil Procedure 4(m), a plaintiff generally must serve a defendant "within 90 days after the complaint is filed."  Fed. R. Civ. P. 4(m).  Plaintiff here filed his Complaint on November 26, 2025, so his deadline to serve Defendant is therefore February 24, 2026.  Before that date, Plaintiff should make further attempts to effectuate service upon Defendant, or else submit further evidence showing why Defendant has already been properly served.

SO ORDERED.

Dated: January 5, 2026
     New York, New York

               JOHN P. CRONAN
           United States District Judge